UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GARY BLACK and FLORENCE BLACK,  :
                                                        Plaintiffs,  :    10 Civ. 8359 (PGG)

                                                              :    **COMPLAINT**
      -against-                                :

BARNES BAY DEVELOPMENT LTD., KOR  :    **JURY TRIAL**
HOTEL MANAGEMENT, LLC, KOR REALTY  :    **DEMANDED**
GROUP, LLC and BRADFORD KORZEN,

                              Defendants.    :
------------------------------------------------------------------x

        Plaintiffs, by their attorneys, Ferber Chan Essner & Coller, LLP, for their complaint against defendants, state as follow:

## JURISDICTION AND VENUE

        1.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizens of different states.

        2.    Venue is proper in this district pursuant to 28 U.S.C. §1391(a) (3) in that defendants are subject to personal jurisdiction in this district.

## THE PARTIES

        3.    At all relevant times, plaintiff Gary Black was and is a resident of the State of New Jersey.

        4.    At all relevant times, plaintiff Florence Black was and is a resident of the State of New Jersey.

        5.    At all relevant times, upon information and belief, defendant Barnes Bay Development Ltd. ("Barnes Bay") was and is a corporation organized and existing under

12. Upon information and belief, Korzen, Management and Realty specifically created Barnes Bay as the corporate vehicle for pursuing this development.

13. Among the hotels that Korzen, Management and Realty operate and promote is a group of luxury hotels with the brand "Viceroy." The Anguilla project is being marketed and has been marketed under the name "Viceroy Anguilla."

14. Defendants engaged in purposeful activity directed at New York in connection with this Anguilla project. Since the Viceroy projects are aimed at the luxury market, it is therefore only natural that Korzen and his companies actively aim their sales and marketing efforts at the New York market.

15. Defendants, in connection with the marketing of Viceroy Anguilla, hired a firm named IMI Resort Holdings ("IMI") as their exclusive agent for the promotion and marketing of Viceroy Anguilla and the sales of the condominiums and villas there.

16. IMI vigorously marketed and promoted the Viceroy Anguilla project in New York; it was very active in holding meetings, pitches and cocktail parties in New York City aimed at signing up buyers for the Viceroy Anguilla condominiums and villas. In addition, representatives of defendants, including Korzen, came to New York to market and promote the project, defendants and their agent personally delivered written materials concerning the project to prospective buyers in New York and representatives of defendants met with prospective buyers in New York.

### FIRST CAUSE OF ACTION

17. Plaintiffs repeat the allegations of paragraphs 1 through 16.

18. On November 18, 2005, plaintiffs and Barnes Bay entered into a purchase and sale agreement (the "Agreement") pursuant to which plaintiffs agreed to purchase Unit No. 5 of The Villas at Anguilla (the "Unit") for a purchase price of $6,350,000.

19. Plaintiffs paid a deposit of $1,231,900 (the "Deposit") to Barnes Bay upon their execution of the Agreement.

20. The Agreement provided, in paragraph 4(a), that the closing of the sale of the Unit would occur on or about May, 2007. The Agreement further provided, in paragraph 15(c) (as amended by the addendum), that if the Unit was not substantially complete by December 31, 2008, "subject to delays caused by [plaintiffs] or on account of causes due to force majeure or beyond [Barnes Bay's] control", plaintiffs had the right to terminate the Agreement.

21. The Agreement provided that upon termination of the Agreement, Barnes Bay was required to return the Deposit to plaintiffs.

22. The Unit was not substantially complete by December 31, 2008 and that failure was not attributable to any delays caused by plaintiffs or causes due to force majeure or beyond Barnes Bay's control. Barnes Bay has not extended the closing date in accordance with the terms of the Agreement. Accordingly, by letter to Barnes Bay dated October 29, 2009, plaintiffs terminated the Agreement and demanded the return of their Deposit.

23. Barnes Bay has breached the Agreement by failing to return any part of the Deposit to plaintiffs.

24. By reason of the foregoing, plaintiffs are entitled to damages of $1,231,900, plus interest thereon.

## SECOND CAUSE OF ACTION

25. Plaintiffs repeat the allegations of paragraphs 1 through 24.

26. Upon information and belief, at all relevant times, Management and Realty exercised complete domination and control over Barnes Bay.

27. Upon information and belief, at all relevant times: Management and Realty maintained Barnes Bay as a shell corporation; none of the usual corporate formalities were observed with regard to Barnes Bay; the capitalization of Barnes Bay was inadequate to meet its obligations; Management, Realty and Barnes Bay had overlapping directors, officers and personnel; Management and Realty paid Barnes Bay's debts or supplied Barnes Bay with the funds to pay its debts; Management and Realty used the revenues and funds of Barnes Bay solely for the corporate purposes of Management and Realty, not for Barnes Bay's corporate purposes; and Barnes Bay was and is a mere instrumentality and alter ego of Management and Realty.

28. Moreover, plaintiffs were injured by Management and Realty's complete domination of Barnes Bay, as Management and Realty drained Barnes Bay of all of its assets and left it unable to meet its obligations to plaintiffs.

29. Under the Agreement (and, upon information and belief, under Barnes Bay's agreements with other purchasers of units at the Anguilla project), the Deposit was not held in escrow but instead was released almost immediately to Barnes Bay. Upon information and belief, those funds were funneled by Barnes Bay to Management and Realty to be used for the latter's corporate purposes.

30. By reason of the foregoing, Management and Realty are liable for all damages owed by Barnes Bay to plaintiffs -- $1,231,900, plus interest thereon.

## THIRD CAUSE OF ACTION

31. Plaintiffs repeat the allegations of paragraphs 1 through 32.

32. Upon information and belief, at all relevant times, Korzen was and is the principal owner of Barnes Bay and was and is exercising complete domination and control over Barnes Bay.

33. Upon information and belief, at all relevant times: Korzen maintained Barnes Bay as a shell corporation; none of the usual corporate formalities were observed with regard to Barnes Bay; the capitalization of Barnes Bay was inadequate to meet its obligations; Korzen either paid Barnes Bay's debts or arranged for other entities he controls to pay Barnes Bay's debts or to supply Barnes Bay with the funds to pay its debts; Korzen used the revenues and funds of Barnes Bay solely for his own purposes or for the corporate purposes of other entities he controls, not for Barnes Bay's corporate purposes; and Barnes Bay was and is a mere instrumentality and alter ego of Korzen.

34. Moreover, plaintiffs were injured by Korzen's complete domination of Barnes Bay, as Korzen drained Barnes Bay of all of its assets and left it unable to meet its obligations to plaintiffs.

35. Under the Agreement (and, upon information and belief, under Barnes Bay's agreements with other purchasers of units at the Anguilla project), the Deposit was not held in escrow but instead was released almost immediately to Barnes Bay. Upon information and belief, those funds were funneled by Barnes Bay to Korzen to be used for his personal purposes.

36. By reason of the foregoing, Korzen must be deemed liable for all damages owed by Barnes Bay to plaintiffs -- $1,231,900, plus interest thereon.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

1. On the first cause of action, against Barnes Bay, damages of $1,231,900, plus interest thereon;

2. On the second cause of action, against Management and Realty, jointly and severally, damages of $1,231,900, plus interest thereon;

3. On the third cause of action, against Korzen, damages of $1,231,900, plus interest thereon; and

4. Such other and further relief as to this Court appears just and proper together with the costs and disbursements of this proceeding, pre-judgment and post-judgment interest and reasonable attorney's fees.

Dated: New York, New York
       November 4, 2010

FERBER CHAN ESSNER & COLLER, LLP

By: _____
       Robert M. Kaplan
Attorneys for Plaintiffs
530 Fifth Avenue
New York, New York 10036-5101
(212) 944-2200